IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MOISES VERNEY ELIA ZAMBRANO ZAMBRANO, and ESTEFANNY DAYANA ROJAS CHACON,<br><br>Petitioners,<br><br>vs.<br><br>FACILITY DIRECTOR, (Warden), McCook ICE IGSA;<br><br>Respondent. | **8:26CV37**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner Moises Verney Elia Zambrano Zambrano's ("Petitioner") Petition for Writ of Habeas Corpus, Filing No. 1, filed on his behalf by his next friend, Estefanny Dayana Rojas Chacon ("Chacon"). The Petition alleges Petitioner is being detained at the McCook Detention Center in McCook, Nebraska, by Respondent since January 6, 2026. The Petition further alleges Petitioner has been denied a written custody and bond determination, and Petitioner's detention is based on possible mistaken identity. Filing No. 1 at 6.

As an initial matter, the Court addresses Chacon's ability to bring the Petition on Petitioner's behalf as his next friend. In order to bring a habeas corpus petition on behalf of another person, the party purporting to act for the detained person must show, at least, the following two things: (1) the real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself; and (2) the party purporting to act for the real party is dedicated to the best interests of the real party. Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). Here, Chacon attached her sworn declaration to the Petition in

which she avers that Petitioner "does not have reasonable access to prepare and submit documents on his own behalf" due to his detention; she is Petitioner's domestic partner and mother of their minor child, and their "family would suffer severe emotional and financial hardship as a result of [Petitioner's] continued detention, particularly given [their] shared parental responsibilities and household support." Filing No. 1 at 9. Upon consideration, the Court finds Chacon clearly has established that she is entitled to bring this habeas action on Petitioner's behalf as his next friend.

The Court now reviews the Petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.[1] "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. "The person to whom the writ or order is directed shall make a return certifying the true cause of the detention." Id. "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed." Id.

The Court cannot say from the face of the application that Petitioner is not entitled to relief. Accordingly, it orders the Clerk to serve the Petition and a copy of this

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the Clerk to serve a copy of the petition and any order on the Respondent and the Attorney General or any other appropriate officers.

Order on Respondent and the Attorney General forthwith.  Thereafter, Respondent shall show cause why Petitioner's writ should not be granted, Petitioner may reply, and the Court will hold a hearing on the matter.  The Court finds the need to serve Respondent and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three day return on show cause order provided in 28 U.S.C. § 2243.

Furthermore, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Petitioner may not be removed from the United States or the District of Nebraska until further order of this Court.  *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).  Accordingly,

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for Respondent and shall, after doing so, regenerate the filing for the Petition.

2. Respondent shall, on or before **February 11, 2026**, make a return certifying the true cause and proper duration of Petitioner's detention and showing cause why the writ should not be granted.

3. Respondent's answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of Petitioner's detention in light of the issues raised in the petition;

3

    b.  A reasoned memorandum of law and fact explaining Respondent's legal position on Petitioner's claims;

    c.  The government's position on whether an evidentiary hearing should be conducted; and

    d.  Whether Petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

4. Petitioner shall have three business days from the date of Respondent's response to file a reply.

5. Furthermore, Respondent shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

6. If Petitioner has already been removed from Nebraska, Respondent is ordered to immediately return Petitioner to Nebraska.

Dated this 4th day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4